IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,033






Ex parte BRYAN P. SUHRE, Applicant






APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM THE 27TH DISTRICT COURT


BELL COUNTY
 





HOLCOMB, J., delivered the opinion of the unanimous Court.




 This is a post-conviction habeas corpus proceeding, initiated under Article 11.07, § 1, (1) in
which Bryan P. Suhre seeks relief from a trial court order denying his motion for forensic DNA
testing. We will dismiss Suhre's application for habeas corpus relief.

 The record reflects the following relevant facts. In June 1996, a Bell County petit jury found
Suhre guilty of murder under Tex. Penal Code § 19.02. The jury assessed his punishment at
imprisonment for 99 years. In February 1996, the Third Court of Appeals affirmed Suhre's
conviction and sentence. Suhre v. State, No. 03-96-00438-CR (Tex.App.-Austin, Dec. 19, 1996,
pet. ref'd) (not designated for publication). In October 2001, Suhre filed in the convicting court a
pro se motion for forensic DNA testing. See Art. 64.01(a). In June 2002, the convicting court
appointed counsel to represent Suhre in the DNA proceeding. See Art. 64.01(c). In November 2002,
the convicting court issued an order denying Suhre's motion for forensic DNA testing. Suhre's
appointed counsel, however, took no steps to determine whether the convicting court had ruled on
Suhre's motion and did not inform Suhre that his motion had been denied. In January 2003, Suhre
filed an untimely pro se notice of appeal from the convicting court's order denying his motion for
forensic DNA testing. In February 2003, the Third Court of Appeals dismissed Suhre's appeal for
want of jurisdiction. In re Suhre, No. 03-03-00066-CR (Tex.App.-Austin, Feb. 13, 2003) (not
designated for publication). 

 In January 2004, Suhre filed an application for a writ of habeas corpus in the convicting
court, seeking an out-of-time appeal from the convicting court's order denying his motion for
forensic DNA testing. In the application, Suhre, citing the Sixth Amendment to the United States
Constitution, argued that his "appointed counsel [in the DNA proceeding had been] ineffective for
failing to take reasonable steps to advise [him] that his . . . motion for forensic DNA testing [had
been] denied so that [he] could pursue [appellate] remedies." In July 2004, the convicting court
forwarded Suhre's application to this Court, along with the convicting court's recommendation that
Suhre be granted an out-of-time appeal. In October 2004, we ordered Suhre's application filed and
set for submission "to determine whether an inmate who has been appointed counsel pursuant to a
motion for DNA testing filed under Chapter 64 has the right to effective assistance of counsel under
the Sixth Amendment." Ex parte Suhre, No. AP-75,033 (Tex.Crim.App.-Oct. 27, 2004) (not
designated for publication).

 In Ex parte Baker, No. AP-75,196, ___S.W.3d___, ___ (Tex.Crim.App. 2006), decided this
day, we held, after a thorough discussion, that "the post-conviction writ of habeas corpus is not
available for . . . claims of ineffective assistance of counsel in [Chapter 64 DNA] proceedings." 
However, in the course of our analysis, we noted that "Chapter 64 does not prohibit a second, or
successive, motion for forensic DNA testing, and . . . a convicting court may order testing of material
that was not previously tested through no fault of the convicted person [if] the interests of justice
require DNA testing." Id. at ___ (some internal punctuation omitted). Therefore, it is conceivable
that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be
entitled to relief by way of a second DNA proceeding.

 In accordance with our decision in Ex parte Baker, we dismiss Suhre's application for habeas
corpus relief.


DELIVERED: FEBRUARY 8, 2006

PUBLISH
1. All references and citations to articles are to those in the Tex. Code of Crim. Proc.